United States District Court
Southern District of Texas
**ENTERED**
February 03, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| EFRAN RAHIMZADEH | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-mc-2 |
| | § | |
| KRISTI NOEM *et al.* | § | |
| | § | |

# ORDER

Pursuant to 28 U.S.C. § 2241, Petitioner Efran Rahimzadeh filed this Writ of Habeas Corpus (Dkt. No. 1). Although filed as a miscellaneous proceeding, this case must properly procced as a civil action.

Generally, a miscellaneous case is an ancillary proceeding that is "directly or indirectly related to a civil or criminal case." *In re Bahadur*, 441 F. Supp. 3d 467, 471–72 (W.D. Tex. 2020). The Administrative Office of the United States Courts publishes a manual that provides instructions for using the miscellaneous docket. DISTRICT CLERKS' MANUAL (ADMIN. OFF. OF THE U.S. CTS. 2019) [hereinafter MANUAL]. Whether a case is civil or miscellaneous depends on "the nature of relief sought in the initiating document." MANUAL § 3.02(a). The guidance instructs:

> Miscellaneous numbers are assigned to a variety of matters filed with the court which are not properly considered civil or criminal cases. These matters, however, may be directly or indirectly related to civil or criminal cases pending within the district or another district. In general, miscellaneous actions are used for administrative matters that require resolution through the judicial system.

*Id.* § 4.03(a)(1). When a court determines a pending miscellaneous case does not fall within the administrative matters the Manual outlines, it may close the miscellaneous action and open the case as a new civil action. *Johnson v. Wells Fargo Bank*, No. 23-MC-

1

0074 (PAE), 2023 WL 3571055, at *2 (S.D.N.Y. Apr. 7, 2023); *Pellegrino v. Buffalo Police Dep't*, No. 1:22-MC-267-GHW, 2022 WL 4396864, at *1 (S.D.N.Y. Sept. 23, 2022).

Petitioner's requested relief is clearly not of the kind reserved for miscellaneous proceedings. *Hernandez v. Thaler*, 630 F.3d 420, 424 (5th Cir. 2011) ("Habeas proceedings are civil actions.") (citation omitted). Moreover, this action is not related to any pending case or proceeding in this Court, nor does it qualify as a miscellaneous case under the manual. *Johnson*, 2023 WL 3571055, at *2. As this Court is currently inundated with many similar habeas proceedings, it notes all other cases are civil actions. Although Petitioner should not have filed this matter as a miscellaneous action, the Court will construe it as a civil case to avoid unnecessary delay. *Id.*; *Pellegrino*, 2022 WL 4396864, at *1; *see also In re Bahadur*, 441 F. Supp. 3d at 472 (construing a miscellaneous action as civil "[t]o save the litigants additional legal expenses and avoid unnecessary expenditure of judicial resources"). Petitioner's counsel must be mindful of Federal Rule of Civil Procedure 11's constraints *and* their duty to bestow their client with competent and diligent representation.

The Clerk of Court is **DIRECTED** to **OPEN** a new civil action and **TERMINATE** this miscellaneous matter. The Clerk will docket all filings from this miscellaneous action in the new civil action. Respondents' deadline to file a response to the Petition remains unchanged (*see* Dkt. No. 4).

It is so **ORDERED**.

**SIGNED** February 3, 2026.

*[signature]*
Marina Garcia Marmolejo
United States District Judge